## L. E. WILLIAMS, ADMINISTRATOR, v. J. N. SILLIMAN.

### No. 2679.

1. **Consideration.**—The desire of a debtor to indemnify his security on a promissory note against a loss which would occur if the surety should be compelled to discharge the debt, is a sufficient consideration to support the mortgage.

2. **Same.**—If the suit is brought and judgment obtained on the obligation, which is discharged by payment made by the surety, he may rely on his mortgage for reimbursement not only for the amount of the original debt with interest, but for the costs of the proceedings in which the judgment was rendered.

APPEAL from Anderson.   Tried below before Hon. F. A. Williams. The opinion states the case.

*Greenwood & Greenwood,* for appellant.— 1.   Any mortgage deed, like any other deed of bargain and sale, is void unless the contract of mortgage is made for a valuable consideration received by the mortgagor, and this must appear in the mortgage or the consideration must be shown by other proof as conclusive as if it had been recited in the mortgage contract.   1 Bouv. Inst., sec. 611; 2 Blacks., 455; 2 Kent, 463; Kansas Mfg. Co. v. Gandy, 11 Neb., 451; Harris v. Cassady, 107 Ind., 158; Bridges v. Blake, 106 Ind., 332.

2.   If both said deeds of mortgage shall be held as valid mortgages of indemnity to secure the said Silliman against having to pay the Bryan note, or any part thereof, they can not be construed as contracts of indemnity to indemnify said Silliman for costs that grew out of the institution of a suit on said Bryan note, nor can they be construed as an indemnity and agreement to pay said Silliman interest at the rate of twelve per cent per annum after he had discharged and paid off said Bryan note and the judgment thereon, rendered after the death of T. J. Williams; and they can only be construed as an indemnity, if at all, to pay said Silliman such sum of money as he paid out in discharge of the Bryan note, with eight per cent interest from the date of its payment; and the said appellee could not legally elect to claim under the judgment as assignee of J. W. K. Bryan the said judgment with twelve per cent interest as a subsisting judgment, and at the same time claim the benefit of mortgages as indemnity for paying off said judgment and the debt upon which it is based.

3.   The court erred in charging the jury:   "You will, therefore, find for plaintiff the amount of the judgment in favor of Bryan and the amount he had to pay for costs, specifying the amount so paid for costs, and further that such sum is secured by mortgage lien on the lands described in plaintiff's petition."

*Gregg & Reeves,* for appellee. — 1.   A mortgage deed executed by a party and upon which plaintiff's pleading is founded, is presumed to have been executed upon sufficient consideration, and such consideration can not be inquired into unless the defendant plead under oath that such mortgage was executed without consideration.   Rev. Stats., arts. 4488, 1265, subd. 10.

2.   The surety is liable both for the original debt and costs of obtaining judgment thereon, and can look to his mortgage for reimbursement. 4 Wait's Act. and Def., p. 542.

3.   The indemnity of a surety upon a note against payment of such note is sufficient consideration for the execution of a mortgage by the

principal to the surety; so also is forbearance by the surety from requiring the holder of the note to bring suit.

HENRY, ASSOCIATE JUSTICE.—Appellee sued appellant as administrator of the estate of T. J. Williams, deceased, charging that the deceased executed his promissory note to one Bryan, which appellee signed as his surety.

The petition alleges that on two different days, both subsequent to the execution and delivery of said note, the deceased, for the purpose of securing appellee against loss on said note, executed to him two mortgages upon real estate therein described. It further charges that Bryan afterwards brought suit on said note and recovered a judgment thereon against deceased as principal and appellee as surety for the sum of eight hundred and thirty dollars, to bear interest at the rate of twelve per cent per annum, which judgment, and the costs of suit amounting to $46.24, appellee subsequently paid off and discharged, and that on the 6th day of June, 1888, Bryan in consideration of such payment transferred and assigned the judgment to appellee.

The petition charges that plaintiff presented his claim, duly verified, to the administrator and that it was by him rejected. He prayed judgment for the amount of his debt and for foreclosure of his mortgages.

The defendant answered, and there was a verdict and a judgment for plaintiff for the amount of his claim and for foreclosure of the mortgages.

The defendant appeals and insists that errors were committed as follows:

1. The jury erred in finding that not only the Bryan judgment but the cost of its recovery were secured by the mortgages, when in fact said mortgages were void because they were mere voluntary instruments given without consideration, each one being of subsequent date to the promissory note, and because the mortgages were not intended as security for the payment of the costs; and appellee having failed to pay the judgment until long after the death of his principal, could not acquire a lien on the land by paying off the judgment.

2. The court erred in assuming in its charge that the voluntary mortgage gave a valid lien.

3. The court erred in construing the mortgage to give a lien for the costs paid on the judgment.

We find no error in the proceedings. The desire to indemnify his security against loss was a sufficient consideration for the execution of the mortgages.

The costs as an incident of the debt were embraced by the mortgages.

The judgment is affirmed.

*Affirmed.*

Delivered October 29, 1889.