## HARRIS v. N. PARKER & SON. (No. 3774.)

Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1930.

H. N. Nelson, of Carthage, for appellant.

Woolworth & Baker, of Carthage, for appellees.

HODGES, J. The appellant sued the appellees for the conversion of five bales of cotton, of the alleged value of $536.62, on which he had a chattel mortgage. The plaintiff alleged that on the 29th day of September, 1927, he held a claim against one Henry Jinks amounting to the sum of $479.84, and on that date filed a suit against him in the county court of Panola county. In November following he recovered a judgment on that claim and for the foreclosure of a chattel mortgage executed by Jinks on his entire crop of cotton grown during that year. The mortgage foreclosed had been filed for record on May 5, 1927. The date of the mortgage is not alleged. Plaintiff further alleged:

"That said chattel mortgage provided, in addition to the amount specified therein, to secure that it also provided to secure the payment of all other sums of money which the said Henry Jinks may be owing to the said A. B. Harris by account or otherwise, and all notes that the said Henry Jinks might owe the said A. B. Harris. That in addition to the amounts specified in said mortgage, the said Henry Jinks owed and was indebted to the said A. B. Harris on a note dated August 6th, 1923, for the sum of $206.38 with the credit of $75.00 November 7th, 1923, leaving balance due on said note November 7th, 1923, $130.50; that in the mortgage above specified it is understood and agreed that said amount was to be secured. That said note was also signed by one Albertus Jinks, and the mortgage was given on one horse to secure the same. That the plaintiff in this case, on the 15th day of September, 1927, filed suit in the Justice Court of Precinct No. 1 Panola County, Texas, against Albertus Jinks and Henry Jinks on said note, and foreclosed said note on said horse. That on the 31st day of October, 1927, the plaintiff recovered judgment against said parties for the sum of $130.-50 with interest at 10 per cent. per annum from the 7th day of November, 1923, and the further sum of $18.32 attorney's fees and all costs of suit. That on the 12th day of November, 1923, plaintiff had an order of sale and levied upon said horse, and the same sold for $25.00; and after paying the costs of suit and the levying and execution of said sale there was the sum of $——— as a credit on said amount, leaving amount due $191.00.

"That on the ——— day of November, A. D. 1927, plaintiff had and procured the issuance of an order of sale on his judgment in County Court in cause No. 1068 against Henry

Jinks, and had 35 bushels of corn that was covered by said mortgage lien levied upon and sold, which brought the sum of $————, which after paying the cost left the sum of $———— as a credit on said judgment. That there is now due the plaintiff on said transactions the sum of principal, interest and costs, $725.00."

After alleging that defendants had converted 2,385 pounds of lint cotton covered by the mortgage, with both actual and constructive notice of plaintiff's lien, the petition closes with a prayer for damages in the sum of $250.

The appellees, defendants below, answered by a general demurrer and a general denial. They further pleaded specially as follows:

"The true consideration for the execution of said mortgage was the agreement on the part of the said A. B. Harris to furnish the said Henry Jinks with sufficient supplies to enable the said Henry Jinks to plant, cultivate and gather the crop described in said mortgage for the said year 1927; that in consideration of the said agreement and undertaking of the said A. B. Harris to so furnish said supplies, the said Jinks executed said mortgage to secure a long past due indebtedness due the said A. B. Harris by him, as well as additional supplies; that soon after the said execution of said mortgage the said A. B. Harris failed and refused to so furnish the said Henry Jinks with sufficient supplies to enable the planting and cultivation of the said crops, and that thereby the consideration of the execution of said mortgage wholly failed."

They further alleged, in substance, that thereafter they entered into an agreement with Jinks to furnish him supplies during the year to enable him to make a crop, and that supplies were furnished in accordance with that agreement.

Exceptions were filed to the special answer, and were overruled by the court. The refusal of the court to sustain those exceptions is the principal ground here urged for a reversal of the judgment.

■ According to the averments of the answer, the mortgage was executed to secure a long past-due indebtedness of Jinks to the plaintiff, "as well as additional supplies." It is well settled that a past-due indebtedness constitutes a valid consideration for a mortgage. Graham Nat. Bank v. Couger (Tex. Civ. App.) 286 S. W. 657; Williams v. Silliman, 74 Tex. 626, 12 S. W. 534; 1 Cobbey, Chat. Mortgages, § 126. The failure of consideration alleged in the answer is that appellant failed to "furnish the said Henry Jinks with *sufficient* supplies to enable the planting and cultivation of said crops," and

for that reason the consideration for the execution of the mortgage had *"wholly failed."*

■ Assuming that the appellees, as subsequent mortgagees and purchasers with notice of the prior lien, can raise that question as a defense, we do not think the facts stated in the plea are sufficient to constitute a total failure of consideration. The plea does not allege that no supplies were furnished by appellant to Jinks. It is apparently admitted that some were furnished. That being true, the lien created by appellant's mortgage attached not only to the debt resulting from the supplies that were furnished, but also to the past-due debt covered by the mortgage.

■■ If the mortgage had been given solely for the purpose of securing a debt for supplies to be furnished in the future, and none had been furnished, that fact might be pleaded by any one interested in the property as a defense against a claim based on the mortgage. Since a mortgage is but an incident to a debt, no lien arises until the debt is created. But where, as in this case, the mortgage secures a past-due debt as well as future advances in supplies, and the agreement to furnish the supplies is partly complied with, the situation is materially different. The failure of the appellant to fully perform his agreement did not make the mortgage a nullity, but constituted a breach of his contract, which gave Jinks, the mortgagor, a right to claim such damages as he sustained. 3 Elliott on Contracts, § 2049. The mortgage was enforceable against the mortgagor to the extent of the debts actually existing at the time of the foreclosure which were covered by the mortgage.

■ The special answer setting up a failure of consideration is, probably, not subject to the particular objection stated in the exception. But in every special demurrer there is implied a general demurrer which challenges the legal sufficiency of the pleading demurred to. Crayton v. Munger, 9 Tex. 285; Warner v. Bailey, 7 Tex. 518.

■ In this case no fraud, accident, or mistake is charged. In a suit against Jinks, the mortgagor, for a foreclosure of appellant's mortgage, Jinks could only claim a failure of consideration to the extent of the supplies promised but not furnished. The appellees, being subsequent mortgagees with notice of the prior mortgage, could claim no greater rights.

We are of the opinion that the court erred in refusing to sustain the appellant's demurrer to the plea setting up the failure of consideration.

The judgment will be reversed and the cause remanded.