## UNITED STATES v. JOHNSON.
### No. 14628.

United States Court of Appeals
Fifth Circuit.
Dec. 29, 1953.

Alan S. Rosenthal, Atty., Civil Div., Dept. of Justice, Washington, D. C., Frank B. Potter, U. S. Atty., A. W. Christian, Asst. U. S. Atty., Ft. Worth, Tex., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for appellant.

Edgar H. Keltner, Jr., and Crowley, Hudson & Keltner, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against Claude B. Bland and his wife, the makers of a note, and a crop and chattel mortgage securing same, and against one Johnson, who had purchased and converted to his own use cotton covered by the mortgage, the suit sought a judgment against the makers for the balance due on the note and against Johnson for $868.88, the value of the cotton converted by him.

The defendant Johnson, admitting that he had purchased the cotton, denied knowledge or actual notice of the mortgage, and alleged that, because of inadequacy in the description of the property covered, the registration of the mortgage did not charge him with notice. He also alleged that prior to his purchase from Bland, the mortgagor, plaintiff had given its consent to make such sales as were made to him.

When, however, the case came on for trial before the court without a jury, none of these defenses were made, indeed the defendant offered no testimony. He did, though, when plaintiff's witness Jones was asked whether the note, dated February 13, 1946, and the crop and chattel mortgage, dated May 27, 1946, were signed and executed at the same time, and the answer was that they were, object that the instruments were the best evidence and the dates contained in them would be controlling. Whereupon, the court ruling, "Well, there is no jury, I will hear it", the witness, explaining fully why the dates in the two instruments were different, reaffirmed his testimony that they were signed on the same day.

The defendant taking this witness on cross examination, the court, interrupting the examination to say that the mortgage contained a sufficient description and he would overrule defendant's contention that it did not, went on to say:

"Getting down to the point that the mortgage is a gratuity, I think that is a very serious proposition.

"Mr. Jones' testimony is impeached by the document itself, and it gives no explanation as to why the note would bear one date and the mortgage another. In view of that situation, we must hold that the paper would prevail, and that the execution of the mortgage was not a part of the consideration of extending the debt."

Thereafter, asking for and obtaining permission to do so, plaintiff ordered further testimony to the same effect. The court, stating, "I don't think the testimony overcomes the objection", gave judgment for defendant on the ground that the mortgage was without consideration and, therefore, invalid.

Plaintiff, appealing from the judgment, is here insisting that the judgment was erroneous and must be reversed because (1) the undisputed proof established that the mortgage and note were executed at the same time, the extension of the note being the consideration for the mortgage, and (2) if the mortgage was given to secure a pre-existing debt, the defendant was not a bona fide purchaser as to it, and it is valid as to him.

We find ourselves in agreement with appellant on both propositions. The evidence of the witness Jones, that note and mortgage were executed on the same date, was unimpeached and uncontradicted, and its credibility was in no manner brought in question. This being so, the district judge could not reject his testimony or find contrary thereto.[1] Gibson v. Southern Pac. Co., 5 Cir., 67 F.2d 758, cited by appellee, is not to the contrary, for there there were contradicting and discrediting facts and circumstances which made a fact issue. Here there are none, and the district judge did not find that there were. His action was based on his view that the conflicting dates on the instruments could not be explained by parol. It was error to so hold.

Finally, assuming that the mortgage was executed subsequently to the note and no new consideration was given for its execution, it is settled law in Texas[2] and elsewhere[3] that such a mort-

1. Arnall Mills v. Smallwood, 5 Cir., 68 F. 2d 57.

2. Scott v. McDaniel, 67 Tex. 315, 3 S.W. 291; Hudson v. C. Eisenmayer Milling & Elevator Co., 79 Tex. 401, 15 S.W. 385; Harris v. N. Parker & Son, Tex. Civ.App., 23 S.W.2d 745; Yeager v. Laredo National Bank, Tex.Civ.App., 146 S. W.2d 796; Cf. 16 Texas Law Review, 259.

3. 1 Jones, Chattel Mortgages & Conditional Sales, Sec. 81; 10 Am.Jur., Chattel Mortgages, Secs. 49 and 206.

gage between the parties, and as to all persons dealing with them except bona fide purchasers for value and without notice, is valid and enforceable.

The judgment is reversed and here rendered for appellant.