C. M. MICKLER and Ethel G. Mickler, Appellants,

v.

John L. FAHS, former Collector of Internal Revenue, Appellee.

No. 16223.

United States Court of Appeals Fifth Circuit.

April 22, 1957.

William H. Maness, Jacksonville, Fla., Ragland, Kurz, Maness & Toole, Jacksonville, Fla., for appellants.

Walter Akerman, Jr., Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Dept. of Justice, Washington, D. C., Edith House, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellants, C. M. Mickler and Ethel G. Mickler, have sued a former Collector of Internal Revenue to recover income tax deficiencies, fraud penalties and interest. The years involved are 1938 through 1947. During these years and for a good while before, Mickler had been operating a retail furniture store in Jacksonville, Florida. The deficiencies were determined by the net worth and expenditures method and based upon unreported income. The Revenue Agent made net worth computations from 1925 through the years involved. The appellants made payment in accordance with the assessments and sued to recover. The only substantial fact issue was as to the net worth of the appellants at the beginning of the period. They claimed to have had accumulations prior to the tax period in excess of $100,000 for which they had not been given credit by the Revenue Agents and the Commis-

sioner of Internal Revenue in their computations. The taxpayers testified as to the keeping of large amounts of cash in a safe at their home and that the expenditures in excess of net income were made from these cash funds.

Early in the trial Mickler had testified as a witness on his own behalf. He was asked, on cross-examination by Government counsel:

"Mr. Mickler, I am going to ask you if you are the same C. M. Mickler who was indicted on September 28, 1949, for income tax evasion for the years 1943, 1944 and 1945, and who entered a plea of nolo contendere to that charge and was convicted and sentenced to pay a fine of $5,000.00 for each of those years".

There was an objection made which was sustained. A motion was made for a mistrial on the ground that the mere asking of the question created prejudice which could not be overcome by any judicial admonition to disregard. The court refused to declare a mistrial and, with a design of not magnifying the incident, gave the jury the following carefully phrased instruction:

"Gentlemen of the Jury and Miss Volkhardt, there is one matter I want to go back to a minute. You will recall that yesterday afternoon, about the middle of the afternoon while the plaintiff, Mr. Mickler, was on the stand, the question was put to him by Mr. Roberts the defendant's attorney I won't repeat the question—I want to refer to it sufficiently just to bring it to your attention—the question as to whether he was convicted and paid a fine in a matter in this Court some time ago—convicted of some offense and paid a fine. There was an objection by the plaintiffs' attorney to that question, I reserved ruling on the question and didn't permit the witness and the plaintiff, Mr. Mickler, to answer the question at that time, I sustain the plaintiff Mickler's objection, made through his attorney, to that question. He will not be re-

quired to answer it. You are instructed not to draw any inferences in any way whatever from the putting of the question; don't consider anything stated in the question as a fact, or as a possible fact, as being proved or as part of the evidence in this case in any fashion. The question and all implications and inferences that may arise from it are entirely stricken from your consideration. You will please be governed by that in your consideration of the case. Just put that aside."

■■ The Government does not make any contention that the question was proper. We have no doubt but that it was improper. A plea of nolo contendere is a mere statement of unwillingness to contest and no more. It is not receivable in another proceeding as evidence of guilt. McCormick on Evidence, 512, § 242, n. 32; Wigmore on Evidence, Vol. IV, p. 58, § 1066; Berlin v. United States, 3 Cir., 14 F.2d 497; United States v. Lair, 8 Cir., 195 F. 47; Twin Ports Oil Co. v. Pure Oil Co., D. C.Minn., 26 F.Supp. 366; United States v. Plymouth Coupe, D.C.W.D.Pa., 88 F. Supp. 93; United States v. Standard Ultramarine & Color Co., D.C.S.D.N.Y., 137 F.Supp. 167. In Commissioner of Internal Revenue v. Kilpatrick, 5 Cir., 227 F.2d 240, we affirmed a decision of the Tax Court which, for the purpose of impeachment had admitted evidence of nolo contendere pleas of the taxpayer for tax evasion. But the Tax Court expressly refrained from deciding whether such plea would be admissible as evidence on the fraud issue and expressly stated that it was not considering the plea in connection with that issue. The receipt of such evidence was admissible under the District of Columbia law which was adopted for the government of the Tax Court. Here the trial was before a jury. The same reasons which make the evidence of a plea of nolo contendere inadmissible as an admission will exclude it in a jury trial when offered for the purposes of impeachment. If proof of the commission of a crime may be admitted such proof is not met by the offer of proof of a nolo plea. Such a plea is, as we have seen, an admission of guilt only in the case where it is made. Cf. Wigmore on Evidence, Vol. III, p. 538, et seq., §§ 980, 980a.

■ The appellee says that the instruction of the Court that the jury should disregard the question cured any error in the asking of it. The question itself could have had no effect but to impress upon the jury that Mickler had admitted criminal tax fraud with respect to three of the years involved. The Government's tax and fraud deficiencies were based upon net worth and expenditure computations. The use of this method in criminal cases "is so fraught with danger for the innocent that the courts must closely scrutinize its use." Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 130, 99 L.Ed. 150, rehearing denied 348 U.S. 932, 75 S.Ct. 334, 99 L. Ed. 731. We cannot say whether, and to what extent if any, the jury was influenced in drawing inferences from circumstances and in weighing conflicting evidence by the belief, if not the knowledge, that Mickler had admitted his fraudulent evasion of taxes. We do not think the admonition given, and we do not think it could have been given better, could have disabused the jurors' minds of the suggestion which the question must have imparted to the jury. Cf. City of Miami Beach v. Wolfe, Fla., 83 So.2d 774. Because of the prejudicial error in the asking of the question the judgment must be reversed.

■ The appellants called as a witness a friend who had lived in the same house with them. This witness, Walter L. Knight, testified that in 1931 or 1932 he had helped Mickler count currency taken from the safe at the residence and the amount of it was $76,000 or $78,000. The jury returned a verdict for the Government. The appellants assert that the jury failed to give consideration to this undisputed testimony and they are therefore entitled to a new trial.

The appellants assert it to be the rule that uncontradicted evidence, free from

inherent improbability, when given by disinterested witnesses and in no way discredited is conclusive. To support this thesis the appellants cite United States v. Johnson, 5 Cir., 208 F.2d 729. In the cited case there were no contradicting facts and circumstances such as exist in the case before us. Cited and approved in the Johnson case is Gibson v. Southern Pac. Co., 5 Cir., 67 F. 2d 758, where it is held that the rule requiring uncontradicted testimony to be accepted as true does not apply where there is something in the other evidence or in the tale itself which furnishes a basis for discrediting it, and such is the case made by the record here. The point is without merit for the further reason that the issue is not whether the Micklers had $76,000 or $78,000 in or about 1931 or 1932. The recollection of the witness as to this fact might be entirely accurate and the Government be nevertheless correct in its determination as to willful and fraudulent unreporting of taxable income.

■ The appellants made an offer of proof of the ratio of net sales to net income from the furniture business for the years 1948 through 1951 for the purpose of showing that, since the unquestioned earnings for those years were within about the same percentage range as reported earnings for the prior years, the furniture business was probably not a source of unreported income for the years in question. It was within the trial court's discretion to reject the evidence at the time it was tendered. On the record before us the relevancy of the rejected evidence is not presented.

■ The appellants urge that the Government failed in establishing their net worth at the beginning of each of the years in question. As showing the need for such proof the appellants direct our attention to the language of the pathfinder of the net worth doctrine where the Supreme Court stated:

"We agree with petitioners that an essential condition in cases of this type is the establishment, with reasonable certainty, of an opening net worth, to serve as a starting point from which to calculate future increases in the taxpayer's assets. The importance of accuracy in this figure is immediately apparent, as the correctness of the result depends entirely upon the inclusion in this sum of all assets on hand at the outset." Holland v. United States, 348 U.S. 121, 132, 75 S.Ct. 127, 134. 99 L.Ed. 150.

In the Holland case, as here, there was a claim that the Government failed to include a claim cash accumulation, and there, as here, it was asserted that the taxpayers dipped into the accumulations to acquire the property which the Government had treated as increases in net worth. The evidence there was held to present a jury question and we cannot say the same is not true here. An analysis of the appellants' argument discloses not so much of a conviction that the Government failed to establish a starting figure as that the Government's figure was $50,000 less than appellants say it should be. This was a fact issue in this case and the evidence was in conflict and different inferences might have been drawn.

■ There was, say the appellants, a failure on the part of the Government to show a possible source of the income which the Government claimed was unreported. There is no difference of views as to the law. The Government's position is that it has established a probable source of unreported income in the earnings of the furniture business. The appellants make a factual argument which, they say, shows conclusively that the Government's position is not only untenable and unsound but utterly impossible. That which is urged by the appellants to us should have been and no doubt was argued before the jury. We will not relate the facts and need only say that they presented a factual issue.

Prejudicial error resulted from the asking of Mickler if he had been indicted, pleaded nolo contendere, been convicted and fined for tax evasion for three of the tax years involved. A new trial

must be had. We believe it desirable that there be an expression of our views on these other questions raised on appeal which might arise on the second trial of the case. For a new trial the judgment is reversed and the cause is remanded.

Reversed and remanded.