**M. L. PIASSICK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16775.**

United States Court of Appeals Fifth Circuit.

April 1, 1958.

---

8. This distinction is drawn also in the last paragraph of the opinion in Loeb v. United States, D.C.S.D.N.Y.1936, 17 F. Supp. 966, 972.

David Gershon, H. A. Stephens, Jr., Atlanta, Ga. (R. Monroe Schwartz, Atlanta, Ga. on the brief), for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, M. L. Piassick, operated a wholesale grocery business in Atlanta, Georgia. As permitted by 26 U.S.C.A. § 2811, and Regulations 17 issued pursuant to the statute, the Alcohol Tax Unit at Atlanta delivered to the appellant its so-called Demand Letter requiring appellant to report sales of sugar and rye meal in quantities of 100 pounds, malt in quantities of 45 pounds, and other substances in quantities as specified. On June 30, 1954, Alcohol Tax Agents were watching the appellant's place of business. The truck here involved was being loaded. The Agents, believing themselves observed, left the scene. They soon returned, and soon after their return the truck they were watching drove away. The Agents followed the truck for some distance, stopped it, seized it and its cargo, and arrested the driver who identified himself as James Travis Morgan, of Atlanta. In the truck were 3000 pounds of sugar, 200 pounds of rye meal and 100 pounds of barley malt. The truck bore a license tag with the number A/D 38906. On the floor of the cab of the truck and under the seat was a truck license tag with the number A/D 36927.

On July 6, 1954, the Alcohol Tax Unit received from the appellant a report showing the sale on June 30, 1954, of 3000 pounds of sugar, 200 pounds of rye meal and 100 pounds of barley malt, to Frank Adams, of Jackson, Georgia, delivered to a vehicle having license tag number A/D 36927. The appellant was convicted of the charge of falsely reporting the tag number in violation of 18 U.S.C.A. § 1001. By this section it is provided:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

From the conviction this appeal is taken.

The appellant asserts that the evidence was not sufficient to convict since the tag number shown on the report was the same as that of the tag found in the truck. Perhaps the Government proved all it needed to prove. However, our task, in considering whether there was sufficient evidence to sustain a conviction, would possibly be less difficult if it had been shown which, if either, tag had been issued for the truck which hauled the sugar, etc. We are not informed as to the registered ownership of the truck and whether it is in the name of Adams or Morgan, or some other person. But, since the judgment of guilt is to be reversed on another ground we will not say more than that the quantum of proof, if adequate, was not overabundantly so.

The appellant was a witness on his own behalf. On cross-examination he was asked, "In 1952, did you plead— enter a plea to failure to submit sugar reports in this same court?" Appellant's counsel moved for a mistrial which was overruled. The United States Attorney then asked, "You are the same M. L.

Piassick who was convicted in—on or about April 4, 1952, on three counts of failure to submit and render sugar returns or sugar reports, aren't you, Mr. Piassick?" The appellant admitted his identity. The conviction was based on a plea of nolo contendere. The Government argues that the evidence of conviction of a prior offense is admissible for impeachment and to show knowledge and intent. The court charged that the evidence was to be considered only on the question of intent. The Government cites Wigmore on Evidence, Vol. III, p. 538, et seq., § 980, for the proposition that it is the existence of the judgment of conviction which is admissible evidence rather than the commission of the offense or any admission by a plea concerning it. Of this contention, as applied to this case, it is enough to quote from the section of Wigmore upon which the Government relies the statement that "The effect of a plea of nolo contendere involves a distinct principle, examined post § 1066." Id. p. 544.

■■ This Court has recently held that evidence of a plea of nolo contendere is not admissible either as an admission or as proof of guilt. Mickler v. Fahs, 5 Cir., 1957, 243 F.2d 515. In the Mickler case, as the Government points out, the offer in evidence of the nolo plea was made in a civil case arising out of the same set of facts as those involved in the case where evidence of the plea was offered. In such situation, the Government concedes, the plea of nolo contendere cannot be used. We do not see how this difference between Mickler and this case calls for a different rule. Nolo contendere means, "I do not contest it." It is, to be sure, a tacit confession of guilt, but solely for the purpose of the case in which it is entered. If it cannot be used in another case based on the same facts it would seem to follow, a fortiori, that it could not be used for collateral purposes in a case founded upon unrelated facts. See 22 C.J.S. Criminal Law § 425, p. 658; Wigmore on Evidence, 3rd Ed., Vol. IV, p. 52, 59, § 1066, and cases cited at Note 4 of the 1957 Pocket Supplement.

The admission of this evidence requires a reversal.

■■ The sale of the sugar, malt and meal was made on June 30, 1954. The report of the sale was dated July 3, 1954, and was received by the Alcohol Tax Unit on July 6, 1954. In February of 1955 the appellant gave a sworn statement to an Investigator of the Alcohol Tax Unit. In it he recited six sales of sugar, malt and meal, or some of these commodities, to a buyer named as Frank Adams. In the statement the transaction of June 30, 1954, was related and the driver of the truck was designated as James Travis Morgan and the number of the tag on the truck was given as A/D 36927. The indictment in this case was on September 22, 1955. The appellant offered the sworn statement as evidence in his behalf. The statement was a self-serving declaration and properly excluded. Declarations made by a defendant in his own favor, unless part of the res gestae or a confession offered by the prosecution, are not admissible for the defense. 1 Wharton's Criminal Evidence 657, § 285.

■■ The appellant claims error because the Court refused to permit him to introduce in evidence a transcript of his testimony in a case of United States v. Law, tried in the United States District Court for the Northern District of Georgia. In this case the appellant testified that he made a sale on June 30, 1954, of 2900 pounds of sugar delivered to a vehicle bearing tag number A/D 36927. He identified the purchaser as one of the defendants, Glenn Law, who was known to the appellant as Frank Adams. Decency, fairness and a sense of justice are offended, says the appellant by using his testimony as to the tag number in the one case and convicting him because his report of the same tag number was false. We do not agree. It does not appear that the tag number was material in the Law case. It was crucial in the instant case. The conduct of the Government is in no sense shocking. We know of no rule of evidence which would require or permit the transcript to be received as evidence.

The defendant cannot buttress his position by his own testimony given in another cause where the parties and issues were different. The testimony of Piassick given against Law cannot be used on behalf of Piassick. Testimony given at a former trial cannot be received in evidence if the witness is available. Here Piassick was present and had testified on his own behalf when the prior testimony was offered.

See McCormick on Evidence, p. 480, et seq., §§ 230–234.

■ Government's Exhibit No. 5 is a so-called warning letter. It is dated August 28, 1951, is directed to the appellant and is signed by a District Supervisor of the Alcohol Tax Unit. It begins by making reference to a letter of April 18, 1951, to appellant requiring him to submit returns of sales of raw materials fit for distillation. It states that appellant had neglected or refused to submit the returns. When this exhibit was offered in evidence, the appellant objected on the ground that the exhibit, without the letter of April 18th, was incomplete, and moved for the production of the letter. The objection was overruled. At the conclusion of the appellant's case, he again moved for production of the April 18th letter and the motion was denied. The appellant claims error. As an excuse for the failure to bring in the letter, the Government points to the testimony of a witness who was formerly an Alcohol Agent who, in his testimony, said he didn't know "where a copy of the letter would be." The letter should, perhaps, have been produced or some better reason given for failure to do so than that a former agent didn't know where it was. However, the letter of August 28, 1951, remote in time and of slight probative force, had little if any relevance to the issue in the cause. The reference in it to the April 18th letter pretty well outlined the contents of the earlier letter. If there was error it was harmless. Rule 52(a), Fed.R.Crim.Proc. 18 U.S.C.A.

■ The appellant submitted seven charges which he requested the Court to give the jury. His requested charge 5 was given substantially in the language submitted. The Court's instructions included the substance of appellant's requests 1, 2, 4 and 6. His requested instruction 7 was not applicable to the facts. By his requested charge 3, the appellant submitted the following:

"If upon consideration of the evidence in this case, you find that the same is equally consistent with innocence as with guilt, it would then be your duty to acquit the defendant and return a verdict finding him not guilty."

This instruction has been sanctioned in cases where the Government's case depends on circumstantial evidence. Anderson v. United States, 5 Cir., 1929, 30 F.2d 485. The evidence here, in conflict to be sure, was not circumstantial in nature, and of the rule the Supreme Court has said:

"The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions [citing cases] but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150.

The Court gave an instruction on reasonable doubt which was proper and sufficient. There was no error in refusing appellant's requested charge 3.

There must be another trial. Therefore the cause is

Reversed and remanded.