**William B. GROVER, Trustee in Bankruptcy of the Estate of North State Grocers, Inc., a corporation, Bankrupt, Appellant,**

v.

**James HULL and Aileen Hull, Appellees. No. 20052.**

United States Court of Appeals
Ninth Circuit.
March 22, 1966.

an inventory lien agreement by the terms of which the bankrupt granted the lenders a lien on its inventory to secure future and present advances and obligations not to exceed $65,000.00. Previously, on October 14, 1960, a notice of inventory lien was recorded in the Shasta County, California, official records, which notice was signed by all parties. Also on October 31, 1960, the same parties executed an agreement to assign future accounts receivable of the bankrupt to Audia and Farley. The record does not disclose that a notice of the assignment of the accounts receivable was recorded. On May 31, 1962, the bankrupt, Farley and Audia, and James and Aileen Hull executed an agreement which purported to substitute the Hulls for Farley and Audia, by way of assignment, as lenders in the inventory lien agreement and as assignee in the accounts receivable assignment. On June 19, 1962, notices of the assignments of the accounts receivable and inventory lien were recorded in Shasta County. Both notices were signed only by the bankrupt. The Hulls at about this time loaned to the bankrupt approximately $30,000.00 in cash and paid off a $30,993.59 bank note for the bankrupt. On October 3, 1962, the bankrupt changed its name to North State Grocers, Inc.

On March 1, 1963, pursuant to a voluntary petition for bankruptcy the bankrupt was duly adjudicated. The trustee in bankruptcy, appellant herein, petitioned to declare the claims of security interest in the bankrupt's accounts receivable and inventory by James and Aileen Hull, appellees herein, null and void. On May 15, 1963, the referee in bankruptcy issued an order on this petition in favor of the trustee in bankruptcy declaring said claims null and void. The referee's order was based[1] on the failure of the appellees to sign the notices as required by Cal.Civ. Code §§ 3019 and 3032[2] (repealed, effec-

Milton Maxwell Newmark, Lafayette, Cal., E. M. Mannon, Katherine M. Griffin, San Francisco, Cal., for appellant.

Fred W. Marler, Jr., of Pickering & Marler, Redding, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

On October 31, 1960, the bankrupt, under the name of Redding Specialty Products, Inc., as borrower, and Leo Audia and Ronald L. Farley, as lenders, executed

1. The referee also based his order on the fact that appellees permitted the notices to remain on record in the name of Redding Specialty Products, Inc., after its name was changed with appellees' knowledge.

2. Section 3019 states that the notice of an assignment of accounts receivable "shall not be effective unless * * * the no-signee * * *."

Section 3032 states that "[a] notice of lien * * * shall be signed by the lender and the borrower * * *."

tive Jan. 1, 1965) which notices were recorded on June 19, 1962. On January 11, 1965, the United States District Court for the Northern District of California, having jurisdiction over the matter pursuant to 11 U.S.C. § 67, reversed the portion of the referee's order declaring liens null and void as to debts incurred prior to the bankrupt's change of name.[3] This appeal is by the trustee in bankruptcy from that portion of the district court's order which reinstated appellees' claims to security interest in bankrupt's accounts receivable and inventory.

This court has jurisdiction under 11 U.S.C. § 47. The issues in the case are governed by the law of California. 11 U.S.C. § 110(c) and (e).

We reverse on the basis of Wilshire Oil Co. of California v. Costello, 348 F.2d 241 (9th Cir. 1965), decided by this court on July 6, 1965, some months subsequent to the district court's action.

■ The *Wilshire* case held that an assignment of accounts receivable was invalid if the notice of assignment was not signed by the assignee as well as the assignor because it did not comply with Cal. Civ.Code §§ 3018[4] and 3019 (repealed, effective Jan. 1, 1965), even though both parties' names and addresses appeared in the notice. Since every argument here advanced by appellee is adequately answered in *Wilshire,* and the relevant facts are identical as to the assignment of the accounts receivable, we conclude that the decision of the court below must be reversed.

The *Wilshire* case was not concerned with notice of inventory lien although it did note that section 3019 and section 3032 both required the signature of the lender and borrower in the filed notice. Both notification statutes serve the same purposes of protecting creditors from secret liens and protecting the lender against a claim by the trustee in bankruptcy. Therefore, despite some differences in wording, we construe both statutes as requiring signatures of the debtor and the creditor.

There were two notices filed concerning the inventory lien. The first was filed on October 14, 1960, and complied with section 3032, being signed by the bankrupt and Audia and Farley. The second was filed July 19, 1962, after the May 31, 1962, agreement, but it did not comply with the statute, appellees' signatures being absent. The appellees argue that only the first notice need comply with section 3032 in order to establish their claim because the second filing was an amendment to the original notice and they contend that under Cal.Civ.Code § 3034 (repealed, effective Jan. 1, 1965) an amendment need not bear the signatures of both parties.

■ We can not say that we are in agreement with this contention of appellees, but in any event we view neither the May 31, 1962, agreement as an assignment nor the July 19, 1962, filing as an amendment. The record does not disclose that Audia and Farley made any money advances under the inventory agreement. Their sole undertaking was as guarantor on a bank note. Such a contingent liability does not perfect an inventory lien, there being no obligation in existence;[5] therefore, at the time of the May 31, 1962, agreement there was no inventory lien between the bankrupt and Audia and Farley to be assigned. See Cal.Civ.Code § 3030(2) (repealed, effective Jan. 1,

---

3. The district court affirmed the referee's decision "as to debts incurred by the bankrupt subsequent to the change of name where the petitioner is unable to show that the creditors to whom the said debts were incurred did not know that North State Grocers, Inc. was a new name for Redding Specialty Products, Inc. at the time they extended credit * * *." There is no appeal taken from this portion of the decision.

4. Section 3018 states three times that notice be filed "as provided in this chapter."

5. Cf. East Bay Municipal Utility Dist. v. Garrison, 191 Cal. 680, 693, 218 P. 43, 47 (1923); Harris v. N. Parker & Son, 23 S.W.2d 745, 746 (Texas Ct.Civ.App. 1930); Pacific Finance Corp. v. Hendley, 119 Cal.App. 697, 704, 7 P.2d 391, 394 (Dist.Ct.App.1932).

1965) which defines a lender for the purposes of an inventory lien as one "who advances money on the security of merchandise."[6] Regardless of what legal significance the parties to the May 31, 1962, agreement intended that document to have, it can only be construed as a new loan arrangement between the bankrupt and appellees.[7] The new loan was effected by the appellees' payment of the bankrupt's bank note of $30,993.59 and cash advances of approximately $30,000.-00. Farley and Audia did have a right to a priority dating back to October 14, 1960, on a perfected inventory lien if and when they made money advances to the bankrupt, but the right to that priority can not be assigned absent an existing perfected inventory lien. A rule to the contrary would be unfair to other creditors and is not provided for in the California statutes covering inventory liens, Cal.Civ.Code §§ 3030–3043 (repealed, effective Jan. 1, 1965).

We hold that appellees' security interests in both accounts receivable and inventory were voidable by the trustee in bankruptcy. Corn Exchange Nat'l Bank & Trust Co., Philadelphia v. Klauder, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943). The portion of the district court's judgment which is inconsistent with this court's decision is reversed and the referee's order declaring appellees' claims null and void is reinstated.

6. See Comment, *The Inventory Lien Statute*, 6 U.C.L.A.Rev. 404, 407 (1959).

7. The fact that appellees assumed Audia's and Farley's obligation as guarantors on the bank note, and paid off that note, does not change this conclusion. This was the consideration given Audia and Farley in return for their consent to the cancellation of their inventory agreement with the bankrupt. There was still no perfected inventory lien on May 31, 1962, which could have been assigned to appellees.