STATE OF OKLAHOMA ex rel. Charles NESBITT, Attorney General, Plaintiff,

v.

ALLIED MATERIALS CORPORATION et al., Defendants.

Civ. No. 65–344.

United States District Court, W. D. Oklahoma.

May 24, 1968.

Burck Bailey, Lester A. Klaus, Oklahoma City, Okl., for plaintiff.

Coleman Hayes and Wm. G. Paul, Oklahoma City, Okl., for defendant Kerr-McGee.

R. B. McDermott, Tulsa, Okl., S. E. Floren, Bartlesville, Okl., and Edward J. Fauss, Oklahoma City, Okl., for defendant Phillips Petroleum Co.

James R. Eagleton, Tulsa, Okl., and James R. Eagleton, Oklahoma City, Okl., for defendants Riffe Petroleum Co. and Baxter Land Corporation.

Truman B. Rucker, John A. Ladner, Jr., and J. P. Greve, Tulsa, Okl., for defendant Sunray DX Oil Co.

### ORDER

EUBANKS, District Judge.

The defendant Phillips Petroleum Company has filed herein its motion to limit and exclude certain evidence at the trial. Defendants Sunray DX Oil Company and Monarch Refineries, Inc., (now dismissed) have filed their separate motion directed to the same proposition. Both motions have been thoroughly briefed by the moving defendants and plaintiff has filed adequate briefs opposing said motions.

From the briefs relating to this question and from earlier hearings and conferences, the Court understands that all of the remaining defendants, excepting Sunray DX Oil Company, have been heretofore convicted of antitrust violations in connection with the sale of liquid asphalt in the state of Kansas and Missouri. The convictions were entered after a plea of nolo contendere by the defendants. I understand that individual employees of some of the defendants may also have been convicted after a plea of nolo contendere. The motions seek to suppress all evidence relating to these convictions.

▰▰▰ There is no doubt that plaintiff is precluded from introducing evidence in chief relating to the convictions entered after pleas of nolo contendere as tending to prove the conspiracy. A conviction based upon a plea of nolo contendere is a consent decree [Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940].

15 U.S.C.A. § 16(a) provides as follows:

A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided, That this section shall not apply to consent judgments*

*or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title.* [Italics mine]

Plaintiff does not even contend that it can introduce such evidence in chief as part of its proof of conspiracy, but plaintiff does contend that such evidence may be introduced for impeachment purposes and to show bias or prejudice of the witness and to affect the credibility of the witnesses, and plaintiff further takes the unique position that it may call adverse witnesses under Rule 43(b) F.R.Civ.P. and impeach them by showing prior conviction of a crime entered upon a plea of nolo contendere to the antitrust indictments in Kansas and Missouri.

Rule 43(b) reads as follows:

A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief.

In support of the motion to suppress defendants call our attention to the holding of the Fifth Circuit in Mickler v. Fahs, 243 F.2d 515, where it was held that it was improper to cross-examine the plaintiff after he had testified in his own behalf relative to his conviction upon a nolo contendere plea of income tax evasion. Plaintiff had sued to recover income tax deficiencies, fraud penalties, and interest. The trial was to a jury and although the trial court sustained an objection to the question and carefully instructed the jury to disregard it, the court refused to grant a mistrial. The appellate court in reversing and remanding the case held the mere asking the question constituted prejudicial error which could not be erased by any admonition to the jury by the trial judge.

Defendants also cite, among other authorities, Piassick v. United States, 5 Cir., 253 F.2d 658, in support of their motion. The defendant Sunray says that since it has never been convicted and is being tried with other defendants who have been convicted the evidence relating to the conviction of co-defendants would be prejudicial to it, which prejudice would far outweigh any probative value such evidence may otherwise have. Sunray calls our attention to Gordon v. United States, 127 U.S.App.D.C., 383 F.2d 936; State of Michigan v. Morton Salt, D.C., 259 F.Supp. 35, affirmed Hardy Salt Co. v. State of Ill., 7 Cir., 377 F.2d 768; and Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790, as supporting its position.

On the other hand, plaintiff directs our attention to Rule 43(a) F.R.Civ.P.; 12 O.S.A. § 381; Pfotzer v. Aqua Systems, Inc., 2 Cir., 162 F.2d 779; Kilpatrick v. Commissioner of Internal Revenue, 5 Cir., 227 F.2d 240, and other cases. I have carefully reviewed the excellent briefs filed by both sides and have concluded that plaintiff may not, during its case in chief, impeach adverse witnesses called by it under Rule 43(b) F.R.Civ.P. by showing their conviction entered after a plea of nolo contendere in the Kansas and Missouri price fixing cases. Plaintiff is admonished to refrain from making any reference to these convictions in its opening statement or during the time when it is putting on its evidence in this case. To permit plaintiff to show these prior convictions would, in my considered judgment, be subverting the intent of 15 U.S.C.A. § 16(a) and Rule 43(b) F.R.Civ.P. Such procedure would allow plaintiff to do indirectly what it's enjoined from doing directly. No case is called to my attention where such procedure has been permitted and independent research by

me reveals no case where this novel approach has been allowed. My own check with the Antitrust Division in Chicago reveals that they know of no case where such procedure has been sanctioned.

■ I am of the further opinion that plaintiff may introduce evidence relative to the prior convictions entered upon nolo contendere pleas in Kansas and Missouri during its cross-examination of witnesses produced by defendants and may ask witnesses questions relative thereto if said witness was himself convicted in Kansas or Missouri, or if said witness is an officer, director, or managing agent of a corporation that was convicted. I do not believe that a conviction, whether entered upon a plea of nolo contendere, a plea of guilty, or after trial, would taint all employees of a corporation so as to make them subject to impeachment by reason of the conviction of their corporate employer.

In reaching my decision, I am taking the position that the convictions in Kansas and Missouri related to crimes separate and apart from the conspiracy alleged in the complaint in this case. If the activities in Kansas and Missouri for which certain defendants and individuals were convicted be part of the same conspiracy that plaintiff alleges in this case, then there is serious doubt as to whether such convictions are receivable in evidence even for the purpose of impeaching witnesses called by defendants. The Oklahoma Supreme Court in Haynes v. Rollins, 434 P.2d 234, held that evidence of the conviction of a crime arising out of the same accident upon which the civil case was based is inadmissible. The Fifth Circuit in Mickler v. Fahs, supra, arrived at the same conclusion because there the civil suit for recovery of taxes covered three of the same years that the prior criminal convictions involved.

Rule 43(a), F.R.Civ.P. enjoins us to follow the statute or rule of the forum state which favors the reception of the evidence. 12 O.S.A. § 381 provides that prior convictions may be shown for the purpose of affecting the credibility of the witness. In Pure Oil Pipe Line Co. v. Ross, 10 Cir., 51 F.2d 925, the Court of Appeals for the Tenth Circuit said it was reversible error for the trial court to exclude evidence of a witness' prior conviction of a crime as affecting his credibility. There the prior conviction was a misdemeanor and the state involved was Oklahoma. The Tenth Circuit has also interpreted Rule 43(a) F.R.Civ.P. as a rule of admissibility and not a rule of exclusion. [See Mutual Life Insurance Company of New York v. Bohlman, 328 F.2d 289, and United States v. Featherston, 325 F.2d 539]

In Pfotzer v. Aqua Systems, supra, Judge Learned Hand, in speaking for the Second Circuit, held it to be reversible error for the trial judge to refuse to permit plaintiffs to impeach the credibility of one Kaestner, a defendant, with the record of his conviction of violating the antitrust laws upon his plea of nolo contendere. The Pfotzer case was a treble damage Sherman Act case.

So far as I have been able to ascertain the Supreme Court has considered the question here involved in only one case. That was the case of United States v. Trenton Potteries Co., et al., 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700, wherein it was said:

> The alleged errors in receiving and excluding evidence were rightly described by the court below as minor points. The trial lasted four and one-half weeks. A great mass of evidence was taken and a wide range of inquiry covered. In such a case a new trial is not lightly to be ordered on grounds of technical errors in ruling on the admissibility of evidence which do not affect matters of substance. We take note only of some of the objections raised which sufficiently indicate the character of others, all of which we have considered.

> Respondents called as a witness the manager of a potteries corporation which was not a defendant. On cross-examination, he was asked whether he knew that his concern had pleaded

**134**

guilty to a violation of the Sherman Act, to which he answered, 'I don't know anything about that at all.' While it may be within the discretion of the trial judge to limit cross-examination of this type, we would not be prepared to say that such a question, when allowed, would be improper, if its admissibility were urged on the ground that it was directed to the bias of the witness, Wabash Screen Door Co. v. Black, [6 Cir.] 126 F. 721, 726; 2 Wigmore, Evidence (2d ed.) § 949, or that it was preliminary to showing his implication in the supposed offense, and thus affecting his credibility. But in any case, we do not think the answer given prejudiced the respondents in any such substantial way as to justify a reversal. Davis v. Coblens, 174 U.S. 719, 727, 19 S.Ct. 832, 43 L.Ed. 1147; Blitz v. United States, 153 U.S. 308, 312, 14 S.Ct. 924, 38 L. Ed. 725.

When and if evidence of prior convictions is introduced during cross-examination of witnesses for defendant the Court will, of course, admonish the jury that such evidence may be considered only for purposes of impeachment and as regards the credibility of the witness and will, upon request, submit an appropriate written instruction to the jury at the proper time. I have confidence in our jury system. I believe that jurors heed the admonitions given by the trial judge and follow the instructions given by the Court. I further believe that no prejudice will result by following the procedures herein outlined.

For the foregoing reasons the motion of defendants to suppress evidence is sustained insofar as it relates to said testimony being introduced by plaintiff during its case in chief and particularly with regard to plaintiff's announced intent to introduce said evidence through impeachment of adverse witnesses called by the plaintiff. The motion of defendants is overruled insofar as it relates to cross-examination by plaintiff of witnesses called by defendants after plaintiff has rested its case.