UNITED STATES of America,
Plaintiff–Appellee,

v.

SONNY MITCHELL
CENTER, Defendant,

Gaylon Green Mitchell and Pattie
Mitchell, Claimants–Appellants.

No. 90–5612

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 21, 1991.

Bernard Campion, San Antonio, Tex.
(court appointed), for Gaylon Mitchell and
Pattie Mitchell.

Joseph A. Florio and LeRoy Jahn, Asst.
U.S. Attys., San Antonio, Tex., for plaintiff-
appellee.

Before JOLLY, HIGGINBOTHAM and
JONES, Circuit Judges.

PER CURIAM:

Gaylon and Pattie Mitchell appeal a judg-
ment forfeiting their interest in the Sonny
Mitchell Center pursuant to 21 U.S.C.
§ 881(a)(7). We find no error in the jury
instructions, and no error in the admission
of prior convictions based on *nolo conten-
dere* pleas for impeachment purposes, and
affirm.

## I.

The Sonny Mitchell Center is a strip mall
shopping center located in San Antonio,
Texas. The Center houses seven separate
businesses—Sonny Mitchell's Grocery,
Youngster's Restaurant, J's Barber &
Beauty Shop, Sonny's Washateria, Gloria's
Liquor Store, Full Effect (a bar and pool
hall), and Thriller Ice House—one vacant
building, and a common parking lot. Ac-
cording to undercover officers of the San
Antonio Police Department, the Center was
a haven for drug dealers between 1985 and
1990; and until the government seized the
property, various individuals used, sold,
and purchased drugs in plain view day and
night.

On June 12, 1990, the government filed
an *in rem* civil complaint for forfeiture of
the Center pursuant to 21 U.S.C.
§ 881(a)(7). Section 881(a)(7), part of the

Drug Abuse Control and Prevention Act, authorizes the forfeiture of any tract of land used in any manner or part to commit a crime involving drugs unless the crime occurred "without the knowledge or consent of that owner." Gaylon ("Sonny") and Pattie Mitchell subsequently filed claims of ownership and answers to the complaint. After a hearing, the district court found probable cause for the seizure. The case then proceeded to a jury trial on the issue of the Mitchells' "innocent owner" defense, and the jury rejected the defense. The Mitchells now appeal to this court.

## II.

### A. *The Jury Instruction.*

█ The Mitchells contended at trial that the Center covered eight separate tracts of land. They requested that the district court divide the jury charge and the verdict form into eight separate questions, so that the jury could consider their "innocent owner" defense separately for each tract. But the district court refused the request because it believed that the facts of the case did not warrant such a division. As the court explained:

> I do not believe that any reasonable jury could find an innocent owner defense as to one lot on the Sonny Mitchell Center and not on the other lots. Given the evidence that we have before the court now in this case, this is a factual matter, and the court does not feel that there is sufficient evidence for this to be able to be divided up and say that Mr. or Mrs. Mitchell might have consented to one tract and not the other tract given the facts as they've developed in this case and the fact that this was one big shopping center.

1. The Fourth Circuit, the only court to have expressly decided the issue, looks to the legal documents creating the property interest in defining a "tract" of land. *See Santoro,* 866 F.2d at 1543; *Reynolds,* 856 F.2d at 676–77. Without deciding the issue, the Second Circuit stated in *United States v. Property at 4492 S. Livonia Rd.,* 889 F.2d 1258, 1270 (2nd Cir.1989), that it is also possible "to construe 'any lot or tract' to refer to real estate of the size usually associated

The Mitchells' appeal of the instruction implicates a subject of some controversy, the scope of § 881(a)(7). Most courts have held that drug activity on any portion of a tract of land forfeits the entire tract. *See United States v. Real Property and Residence at 3907 S.W. 111th Avenue,* 921 F.2d 1551, 1557 (11th Cir.1991); *United States v. One 107.9 Acre Parcel of Land,* 898 F.2d 396, 400 (3rd Cir.1990); *United States v. A Parcel of Land with a Building Located Thereon at 40 Moon Hill Road,* 884 F.2d 41, 44–45 (1st Cir.1989); *United States v. Santoro,* 866 F.2d 1538, 1543 (4th Cir. 1989); *United States v. Tax Lot 1500, 300 Cove Rd.,* 861 F.2d 232, 235 (9th Cir.1988); *United States v. Littlefield,* 821 F.2d 1365, 1367 (9th Cir.1987). At the same time, courts have at least recognized that a single land area can contain several contiguous tracts. *See United States v. Approximately 50 Acres of Real Property,* 920 F.2d 900, 901 n. 1 (11th Cir.1991); *Santoro,* 866 F.2d at 1543; *United States v. Reynolds,* 856 F.2d 675 (4th Cir.1988). The definition of a "tract" of land, therefore, is important.[1]

Fortunately, we need not decide whether the Center actually contained multiple tracts. Like the district court, we believe that a single instruction was appropriate under the facts of this case. The real issue before the jury was whether the Mitchells consented to the drug activity on their property. As the Mitchells' own lawyer stated in closing:

> You'd almost have to be an ostrich or something not to know that something was going on there, that there was illegal activity going on out there, but that's a far different cry from saying that you approve of it, and that you consented with it, and that you agreed

with a lot or tract of fairly limited acreage, rather than whatever land is encompassed within the deed by which the owner acquired title." There is some controversy between the Mitchells and the government as to whether, under the *Reynolds* definition, the Sonny Mitchell Center contains eight or three tracts of land. It might also be said to contain only one tract, since the Mitchells acquired all of the property encompassed by the Center in a single deed.

with it, and that you joined it. There's a big difference.

Although the testimony about specific drug transactions was particular as to location, most of the testimony related to consent was quite general—the Mitchells and their witnesses asserted that the Mitchells did not consent to the drug trafficking and attempted to stop it, and the government's witnesses contended that the drug activity occurred with the Mitchells' tacit approval. Furthermore, because much of the drug activity occurred on a common parking lot, any efforts by the Mitchells to stop the drug trafficking would have evidenced lack of consent as to more than one tract. In sum, the jury was faced with a credibility choice, and it would be unreasonable to conclude that the jury might have credited the Mitchells over the government's witnesses as to one of the tracts, but made an opposite credibility choice as to the other tracts, had the requested instructions been given.

B. *The Impeachment with Prior Convictions.*

Gaylon Mitchell testified at the trial, and over the Mitchells' objection, the district court allowed the government to impeach him with four prior felony drug convictions. All four convictions were entered pursuant to pleas of *nolo contendere.* The Mitchells now contend that the admission of the prior convictions was reversible error.

Before the adoption of the Federal Rules of Evidence, it was the rule in this circuit that convictions based on *nolo contendere* pleas were inadmissible for impeachment purposes. *Piassick v. United States,* 253 F.2d 658 (5th Cir.1958); *Mickler v. Fahs,* 243 F.2d 515 (5th Cir.1957). The drafters of the Federal Rules considered an exception to Fed.R.Evid. 609 that would have expressly prohibited impeachment with pleas of *nolo contendere.* However, this exception was deleted from the final draft. *See* 3 J. Weinstein & M. Berger, Weinstein's Evidence § 609[01]

(1990). Thus, the legislative history of Fed.R.Evid. 609 clearly argues in favor of the district court's ruling in this case.

*Piassick* and *Mickler,* cited by the Mitchells, are therefore not controlling because they were decided before the adoption of the Federal Rules. The Mitchells also rely on a third case, *United States v. Morrow,* 537 F.2d 120 (5th Cir.1976). But *Morrow* involved the introduction of a conviction based on a *nolo contendere* plea as substantive evidence of *intent,* presumably under Fed.R.Evid. 404(b), and not for impeachment purposes under Fed.R.Evid. 609. Thus, to the extent that *Morrow* implied that *Piassick* and *Mickler* survived the adoption of the Federal Rules, the suggestion was dicta only.[2] *United States v. Williams,* 642 F.2d 136 (5th Cir.1981), by contrast, expressly upheld the admission of a conviction based on a *nolo contendere* plea for impeachment purposes under Fed. R.Evid. 609.

The Mitchells attempt to distinguish *Williams* because the prior conviction in that case was unrelated to the case at bar. However, this court expressly rejected such a distinction in *Piassick:*

> [A *nolo contendere* plea] is, to be sure, a tacit confession of guilt, but solely for the purpose of the case in which it is entered. If it cannot be used in another case based on the same facts it would seem to follow, a fortiori, that it could not be used to collateral purposes in a case founded upon unrelated facts.

*Piassick,* 253 F.2d at 661. We therefore reject the distinction and uphold the admission of Gaylon Mitchells' four prior convictions.

The judgment of the district court is AFFIRMED.

**2.** *Noell v. Bensinger,* 586 F.2d 554, 556 (5th Cir. 1978), also described *Piassick* as the rule of this circuit, but like *Morrow,* the suggestion was in dicta only.