UNITED STATES of America

v.

LeRoy DeGREGORY.

Cr. No. 19601.

United States District Court
E. D. Pennsylvania.

July 22, 1963.

Drew J. T. O'Keefe, U. S. Atty., Lawrence Prattis, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Donner & Piel, Eleanor Jackson Piel, New York City, for defendant LeRoy DeGregory.

KRAFT, District Judge.

The defendant, LeRoy DeGregory, petitioned us, somewhat belatedly, to vacate his sentence, discharge him from probation and remit the fine already paid, or, alternatively, to permit him to withdraw his plea of nolo contendere.

His petition and a responsive answer thereto present for determination the following questions:

1. Is a defendant on probation, following suspension of the execution of a sentence to imprisonment, "a prisoner in custody" within the meaning of 28 U.S.C. § 2255?

2. Was defendant's application for alternate relief under F.R.Cr.P. 32(d) timely filed?

3. Is either of defendant's applications meritorious?

Meanwhile, the calendar has interposed an additional question:

4. Are the questions raised by the defendant now moot because of the expiration of his period of probation on June 16, 1963?

From the record and the evidence adduced upon hearing we find, as facts, that this defendant was indicted, with others, on April 23, 1958 under 18 U.S.C. § 371 for conspiracy to violate 18 U.S.C. § 1461. At the time of his indictment and arraignment the defendant was a well-read, intelligent, articulate, mature, white male, approximately 47 years of age. He had had 12 years of elementary and high school education, culminating in his graduation from Trenton High School, Trenton, New Jersey.

When indicted, the defendant was employed in a clerical position in New York with earnings of $76 weekly. His avocations were music composition and songwriting. He had been married at the age of 21 and was divorced by his wife

about 7 years later. Thereafter, he lived in New Jersey with his parents and, following their death, lived alone in Trenton, New Jersey, for four or five more years before his removal to New York, where he resided at the time of his arrest.

Between April 23 and May 19, 1958, the defendant was served with and read a copy of the indictment from which he fully comprehended the nature of the charge against him. When called for arraignment on May 19, 1958, he was quite aware of his right to have counsel and understandingly expressed his wish to plead to the indictment without assistance of counsel. Thereupon, with knowledge and complete understanding of its content and import, the defendant voluntarily executed a written waiver of appointment of counsel, which included the following language:

"The defendant * * *, upon being asked in open court if he is represented by counsel or if he desires the Court to appoint counsel to represent him, states that he does not wish counsel but will act on his own behalf and waives the right to have counsel appointed by the Court."

Moreover, on the same date, the defendant advised the court that he did "not wish to make an issue of it", preferred, "to let myself be at the mercy and compassion of the Court", and wished "to enter a plea of non-vult" (sic). The court immediately explained, and the defendant fully understood, that the proffered plea of "non vult", if accepted by the court, was "in legal effect the same thing as a plea of guilty"; that "the Court makes no finding" and "makes no determination of guilt or innocence because the plea in effect admits guilt"; and, that "the Court has the right to impose sentence". So understanding, the defendant was arraigned and orally entered a plea of "non vult" which was accepted by the court and recorded by the Clerk as a plea of "nolo contendere".

The defendant's testimony, in support of his pending petition, to the effect that

he did not, at the time of his arraignment, understand the nature of the charge against him or comprehend its seriousness; that he did not then know he had a right to have counsel appointed and that he did not then understand the meaning or effect of his "non vult" plea, was untrue. His use of the words "non vult" as his plea stemmed from his education and long residence in New Jersey where "non vult" and "nolo contendere" are sometimes used synonymously.

After pre-sentence investigation, the defendant was sentenced on June 17, 1958 to pay a fine of $50 and to undergo imprisonment for one year. Execution of the sentence of imprisonment was suspended and defendant was placed on probation for a five year period. Payment of the fine within three months was a condition of probation with which the defendant complied.

In his fifth year of probation the defendant, by counsel, filed the pending petition on August 9, 1962. Several days later the United States Attorney was ordered to answer or otherwise plead within fifteen days. On August 28, 1962, a responsive answer was filed which raised, inter alia, certain questions of law on which argument was heard on September 21, 1962. Thereafter, pursuant to an order entered October 23, hearing was held on the petition and answer on December 10, 1962. At the conclusion of this hearing the court directed counsel to file requests for findings of fact and conclusions of law. The transcript of testimony was filed January 4, 1963. Despite the court's direction of December 10, 1962, no requests for findings or conclusions, in compliance with the court's direction, were filed by April 5, 1963 and, on that date, defendant's counsel was requested to file the requests as ordered. On April 16, 1963, defendant's requests were filed with the Clerk accompanied by a suggestion that, because of commitments of defendant's counsel, argument be had before April 26 or after May 5. Unfortunately, neither counsel nor the Clerk apprised the court of the filing of the requests of which the court

was unaware until, by letter dated May 14, defendant's counsel inquired about disposition of the case. Defendant's counsel was immediately advised of the court's earlier lack of knowledge of the filing of the requests on April 16 and was informed that, because of jury trial calendar assignments, the court would probably be unable to make disposition of the proceeding before the conclusion of jury trials on June 24.

■ Ordinarily, we would accept the decision of that eminent jurist, the late Judge Learned Hand, in United States v. Bradford, 2 Cir., 194 F.2d 197, as authority for holding that § 2255 may not be invoked by a defendant at liberty on probation, even though his continued freedom be conditional. However, we think the rationale of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285, decided on a somewhat different state of facts, clearly foreshadows a contrary construction of § 2255 by the Supreme Court. If conditions and restrictions of state parole " * * * significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do. * * * " and if these " * * * restraints are enough to invoke the help * * * " of habeas corpus, then we conclude that the conditions and restrictions of federal probation are sufficiently similar and significant restraints to enable this petitioner to invoke § 2255, which, in this context, is the federal equivalent of habeas corpus. We so hold.

■ Whether defendant's application under F.R.Cr.P. 32(d) was timely need not now be decided in view of our holding of the availability of § 2255 to this petitioner and our determination on the merits.

■ The petitioner now contends that his "non vult" plea was not a cognizable plea under federal law and points to F.R.Cr.P. 11 which provides that "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*." The plea of non vult, according to Black's Law Dictionary, (4th Edi-

tion) is a variation of the form of nolo contendere. The defendant's argument on this score tends to exalt form over substance and lacks merit. It was not contemplated by the framers of the federal rules of criminal procedure that defendants at the bar necessarily express their pleas in Latin. The plain meaning of nolo contendere is I do not wish to contest. In addition to his use of the words "non vult" this defendant lucidly expressed in his own words the very heart of a nolo contendere plea when he stated to the court "I do not wish to make an issue of it." See Sawkow v. Immigration and Naturalization Service, 314 F.2d 34 (3rd Cir., 1963).

 In our view, the questions raised by the defendant's petition are now clearly moot, because he ceased to be subject to restraint and to possibility of restraint in any form when his five year probation period expired on June 16, 1963, before we were able to reach this case for decision because of facts earlier stated. We recognize the general indisposition of courts to decide questions which have become moot, but, in the calendar circumstances of this case, we deem it just to determine the factual and legal issues presented.

We reach the following

## CONCLUSIONS OF LAW

1. The defendant, though at liberty on probation following suspension of the execution of the sentence to imprisonment, was "a prisoner in custody" within the meaning of 28 U.S.C. § 2255 when his petition was filed.

2. Defendant's oral plea of "non vult", coupled with his statement "I do not wish to make an issue of it", was properly accepted and recorded as a plea of nolo contendere.

3. The court had jurisdiction to impose the sentence.

4. The sentence imposed was not in violation of the Constitution or of the laws of the United States.

5. The defendant has failed to establish his claims for relief on the merits.

6. The defendant suffered no injustice, manifest or otherwise.

7. It is unnecessary to determine whether defendant's application for relief under F.R.Cr.P. 32(d) was timely filed.

8. Defendant's period of probation having expired by its own terms on June 16, 1963, defendant is not now "a prisoner in custody" within the meaning of 28 U.S.C. § 2255 and the questions raised by defendant's petition are now moot.

### ORDER

Now, July 22nd, 1963 the prayers of defendant's petition are denied and the petition is dismissed.