UNITED STATES of America

v.

Lanna WASHINGTON, Artemas Watts,
Betty West, John Beiri, also known as
John Berry, Edward Williams, Harry
Stevenson, Harold Nathaniel Bryan, Le-
Roy DeGregory, John Callender and
Charles A. Buddin, also known as Sally
Buddin.

LeRoy DeGregory, Appellant.

No. 14625.

United States Court of Appeals
Third Circuit.

Argued March 20, 1964.

Decided Feb. 12, 1965.

Eleanor Jackson Piel, New York City, for appellant.

Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Lawrence Prattis, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

GANEY, Circuit Judge.

On April 23, 1958, appellant, LeRoy DeGregory, a white male 47 years of age, was indicted under 18 U.S.C. § 371, with nine others for conspiring to violate 18 U.S.C. § 1461, which, prior to the August 28, 1958 amendment, declared it a crime to knowingly deposit for mailing or delivery, or aid in the circulation or disposition, of obscene matter. On May 19, 1958, the appellant and four of the defendants were arraigned in open court. Three of the defendants plead not guilty, the other guilty. Appellant, not represented by counsel, expressed a desire to enter a plea of *"non vult"*.[1] This "plea" was accepted by the district court. The deputy clerk of court entered his plea as though he had pleaded nolo contendere.[2] On June 17, 1958, after a pre-

---

1. "NON VULT CONTENDERE. Lat. He (the defendant in a criminal case) will not contest it. A plea legally equivalent to that of guilty, being a variation of the form 'nolo contendere', (q.v.) and sometimes abbreviated *'non vult.'* " Black's Law Dict. (3rd ed.)

2. "Although it is said that a plea of *nolo contendere* means literally 'I do not contest it,' Piassick v. United States, 5 Cir., 253 F.2d 658, 661, and 'is a mere statement of unwillingness to contest and no

more,' Mickler v. Fahs, 5 Cir., 243 F.2d 515, 517, it does admit 'every essential element of the offense [that is] well pleaded in the charge.' United States v. Lair, 8 Cir., 195 F.2d 47, 52. Cf. United States v. Frankfort Distilleries, 324 U.S. 293, 296, 65 S.Ct. 661, 89 L.Ed. 951. Hence, it is tantamount to 'an admission of guilty for the purposes of the case,' Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347, and 'nothing is left but to render judgment, for the obvious reason that in the

sentence investigation had been made upon appellant, the district court sentenced him to pay a fine of $50, and to be committed to the custody of the Attorney General of the United States for a period of one year. The execution of the custody portion of the sentence was suspended by the court and it placed him on probation for five years, conditioned on his paying the fine within the first three months of that period. He did not file a motion in arrest of judgment or appeal from the judgment of conviction and sentence, and paid the fine within the time set.

On August 9, 1962, in the fifth year of his probation, the appellant, then represented by counsel, filed a motion under 28 U.S.C.A. § 2255, the Federal habeas corpus section of the Judicial Code, to have his conviction and sentence set aside and to discharge him from probation and the fine repaid to him. The asserted ground for the motion was that his sentence was void because (1) he did not plead to the indictment when he answered "*non vult*", and (2) he was not represented by counsel at the time of arraignment, and he lacked understanding of the charge against him at that time. In the alternative, he asked that he be permitted, in order to correct manifest injustice to him, to withdraw, under Rule 32(d) of the Federal Rules of Criminal Procedure, his plea of "nolo contendere" entered for him by the deputy clerk of court after his plea of "*non vult*", and to enter a plea of not guilty. He was given a hearing on the motion on December 10, 1962. The same United States District Judge, C. William Kraft, Jr., who presided at this hearing, also had presided at appellant's arraignment and passed sentence upon him.

Before the district court ruled on the motion, appellant's probationary sentence expired on June 16, 1963. The district court, on July 22, 1963, dismissed the motion as being moot. However, the court, deeming "it just to determine the factual and legal issues presented", also found against the appellant on the merits. 220 F.Supp. 249 (E.D.Pa.1963). Appellant has appealed from the judgment of dismissal.

■ The Government contends that appellant's claim became moot on June 16, 1963, because he was not, on and after that date, a "prisoner * * * in custody * * * in violation of the Constitution * * * of the United States" within the meaning of § 2255. Appellant was serving his probationary sentence at the time he filed his motion in the district court. Such restraint was sufficient "custody" to enable him to seek relief under § 2255. The remedy under that section is as broad as it is under habeas corpus. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Sanders v. United States, 373 U.S. 1, 13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). And if the restraint of a state court imposed probationary sentence satisfies the jurisdictional requirement for bringing habeas corpus under 28 U.S.C.A. § 2241: Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), it satisfies that requirement for filing a motion under § 2255. But when appellant completed his sentence, his claim under that section became moot. Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), and opinion of Mr. Justice Stewart at 420, 79 S.Ct. at 454; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960).

face of the plea no issue of fact exists, and none can be made while the plea remains of record,' United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 425, 74 L.Ed. 1076. Yet the plea itself does not constitute a conviction nor hence a 'determination of guilt.' It is only a confession of the well-pleaded facts in the charge. It does not dispose of the case. It is still up to the court 'to render judgment' thereon. United States v. Norris,

supra, 281 U.S. at page 623, 50 S.Ct. at page 425. At any time before sentence is imposed—i.e., before the pronouncement of judgment—the plea may be withdrawn, with the consent of the court. Rule 32 (d), Fed.Rules Crim.Proc. Necessarily, then, it is the judgment of the court—not the plea—that constitutes the 'determination of guilt.'" Lott v. United States, 367 U.S. 421, 426–427, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940 (1961).

It is not moot under Rule 32(d), Fed.Rules Crim.Proc. There is no longer any time limitation within which to file a motion under that rule. United States v. McNair, 18 F.R.D. 417 (D.C. D.C.1955), aff'd per curiam, 98 U.S.App. D.C. 359, 235 F.2d 856, 857 (1956). Also see concurring opinion in United States v. Gallagher, 183 F.2d 342, 347 (C.A.3, 1950). And if we were to treat appellant's motion as having been a request for relief pursuant to 28 U.S.C.A. § 1651, the all-writs section of the Judicial Code, his claim would not be moot. United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). "A case cannot be said to be moot when a conviction entails collateral legal disadvantages which survive the satisfaction of the sentence. Government of the Virgin Islands v. Ferrer, 275 F.2d 497, 499 (3d Cir. 1960)." United States v. Cariola, 323 F.2d 180, 182 (C.A.3, 1963). Also see United States ex rel. Bogish v. Tees, 211 F.2d 69, 72 (C.A.3, 1954); Farnsworth v. United States, 98 U.S.App. D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423 (1956); Kyle v. United States, 288 F.2d 440 (C.A.2, 1961); United States v. Garguilo, 324 F.2d 795 (C.A.2, 1963); Note, Postrelease Remedies for Wrongful Conviction, 77 Harv.L.Rev. 1615 (1961). Here he claims that his conviction and sentence will prevent him from legally voting in New York where he was living at the time he filed his motion.

The first clause of Rule 32(d) expressly provides that a motion for the withdrawal of a plea of guilty or *nolo contendere* may be made before sentence or the suspension of the imposition of sentence. Prior to that time the allowance of the withdrawal is within the discretion of the district court. Nagelberg v. United States, 377 U.S. 266, 84 S.Ct. 1252, 12 L.Ed.2d 290 (1964); Lott v. United States, 367 U.S. 421, 426–427, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961); United States v. Shneer, 194 F.2d 598 (C.A.3, 1952); United States v. Lester, 247 F.2d 496 (C.A.2, 1957); 4 Barron on Fed. Pract. & Proc. (Rules ed.) § 2264. The denial of the motion made prior to sentence is subject to review on appeal. United States v. Colonna, 142 F.2d 210 (3 Cir. 1944); Kadwell v. United States, 315 F.2d 667 (C.A.9, 1963). And the district court may be directed to permit the defendant to change his plea. Dandridge v. United States, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed.2d 757 (1958); Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499 (1959); Kadwell v. United States, supra. The second clause of Rule 32(d) conditions the allowance of the withdrawal of a plea of guilty or *nolo contendere* after sentence upon a showing that manifest injustice will result unless the request is granted. Sullivan v. United States, 348 U.S. 170, 174, 75 S.Ct. 182, 99 L.Ed. 210 (1954). The burden of showing that manifest injustice will result is on the defendant. United States v. Shneer, supra. The reason for the difference in treatment of the motion before and after sentence is succinctly set forth in Kadwell v. United States, supra, 315 F.2d at 670. The district court's ruling on such a motion is appealable, and an appellate court will reverse a refusal to allow the withdrawal only if it can say that manifest injustice would otherwise be done.[3] Roland v. United States, 318 F.2d 406 (C.A.4, 1963); Gilinsky v. United States, 335 F.2d 914, 917 (C.A.9, 1964). The good faith, credibility and weight of a defendant's assertions and those made on his behalf in support of a motion under Rule 32(d) are preeminently issues for the hearing court to decide. United States v. Nigro, 262 F.2d 783, 787 (C.A.3, 1959).

At the arraignment on May 19, 1958, the deputy clerk of court asked appellant

3. "While there may be a considerable overlap, the concept of 'manifest injustice' under Rule 32(d) permits the judge a greater latitude than the requirements of constitutional 'due process'. See United States v. Lester, 247 F.2d 496, 500 (2d Cir., 1957); Georges v. United States, 262 F.2d 426, 430 (5th Cir., 1959)." Pilkington v. United States, 315 F.2d 204, 209 (C.A.4, 1963).

if he were represented by counsel, and his answer was that he was not. In response to questions put to him by Mr. Joseph J. Zapitz, an assistant United States Attorney, he said that he had been served with and had read a copy of the indictment. When he was asked if he understood the nature of the charges which had been preferred against him, he answered that he believed he did. Then when he was asked whether he was ready and willing to enter a plea to the charges, he responded by stating that he wished to enter a plea of *"non vult"*. At this point the court inquired of him if he was aware that he was entitled to counsel. He replied that he was, but was not "financially able to make a case of this, and therefore I plead *non vult*." In response to further questioning by the court, he admitted that he was gainfully employed as a clerk for a selling firm[4] at $66 a week,[5] and had a very expensive hobby of composing music and writing songs. In response to the court's intimation that appellant might suspend his hobby long enough to pay for an attorney if he felt he needed one, he stated that he did not have the money and was $200 in debt.[6] The court then made the following explanation:

> "If you feel that you need counsel —we don't want any plea entered on the apparent representation that inferentially you might not enter such a plea if you had counsel but that you can't afford counsel and, therefore, you are—"

The appellant interrupted this explanation by exclaiming that he preferred to let himself be at the mercy and compassion of the court.

When the court asked him did he understand that a plea of *non vult* if accepted by it was in legal effect the same thing as a plea of guilty, he replied: "That's right", and "I do not wish to make an issue of it." Then the court asked him if he understood that it had the right to impose sentence and need not make any determination of his guilt or innocence because his plea in effect admitted guilt. Again he replied, "That's right." Then the transcript shows the following:

> "The Court: All right, take his plea.
>
> "Mr. Zapitz: Here, sign the waiver of counsel,[7] Mr. DeGregory. By signing this you indicate to the Court that you wish to enter your plea without benefit of counsel. Do you understand that?
>
> "Defendant DeGregory: Yes, sir.
>
> "Mr. Zapitz: Will you sign on this line, please.
>
> (Defendant DeGregory signs counsel waiver.)
>
> "Mr. Clark [deputy clerk of court]: LeRoy DeGregory, you are charged in this indictment with conspiracy to mail and cause to be mailed obscene letters and pictures. How say you?
>
> "Defendant DeGregory: *Non vult.*
>
> "The Court: Let the plea be so entered."

However, his plea was entered on the District Court's Criminal Action Docket under date of May 19, 1958, as "Nolo Contendere."

After the pre-sentence investigation had been made and prior to sentencing

---

4. At the hearing held on December 10, 1962, four years and seven months later, he testified that he was employed as an assistant supervisor of a textile selling firm.

5. Subsequently, he stated that this amount was augmented by $10, and that he had only himself to support.

6. He also admitted later that he had $180 in bank at the time of arraignment, and made no reference to the alleged $200 debt.

7. This waiver contained the following recital: "The defendant * * * upon being asked in open court if he is represented by counsel or if he desires the court to appoint counsel to represent him, states that he does not wish counsel but will act on his own behalf and waives the right to have counsel appointed by the Court."

him on June 17, 1958, the court asked appellant if he had anything to say for himself in connection with the offense to which he plead guilty. He replied, "Well, only what I told you at the arraignment, Your Honor." At this proceeding in open court, he again appeared without counsel.

One of the grounds for his motion to withdraw his plea and set aside the conviction and sentence is that his oral plea of *"non vult"* is not a plea upon which a judgment of conviction may be rendered and sentence imposed. We agree with the district court that the assertion of this ground is nothing more than an attempt to exalt form over substance. He argues that when the district court accepted his plea of *"non vult"*, it went beyond its jurisdiction, and the effect of its action was to deprive him of a valid arraignment thereby rendering the conviction and sentence void. Rule 11 of the Federal Rules of Criminal Procedure provides for but three pleas: not guilty, guilty and nolo contendere.[8] Concededly, *"non vult"* is not one of them and that the acceptance of such a plea is not a literal compliance with the rule. The words *"non vult"* are an abbreviated form of the Latin expression *non vult contendere* (he will not contest it). Except for being a more formal status, the latter expression has the same meaning as *nolo contendere*.[9] He expressed the meaning of that plea to the court at his arraignment when he said, "I do not wish to contest it." This court held in United States v. Cariola, supra, 323 F.2d, at 187: "In Mayes v. United States, 177 F.2d 505 (8th Cir., 1949), the Court refused to vacate a federal judgment and sentence of imprisonment when the defendant's attorney had stated that his client wished to enter a plea of guilty, and the defendant, after having been asked by the court whether the charges

were correct, answered 'Yes, sir.' Relying upon Garland v. State of Washington, supra [232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914)], the Court said that mere failure to comply with precise ceremonial or verbal formality when a plea is entered at an arraignment, does not constitute a denial of due process for which a conviction must be set aside. The fact that in the case before us petitioner's words may not have precisely conformed to the traditional 'guilty' is of no substantive importance." Since the district court may consent to accept a plea of *nolo contendere* and did accept appellant's plea of *"non vult"*, the entrance of the words *"Nolo contendere"* instead of *"non vult"* on the court's docket as appellant's plea to the charge in the indictment was of no legal significance. Concerning his plea, the district court found that, "His use of the words '*non vult*' as his plea stemmed from his education and long residence in New Jersey where '*non vult*' and 'nolo contendere' are sometimes used synonymously." Additionally, the court found that, "The defendant's testimony * * * to the effect that he did not, at the time of his arraignment * * * then understand the meaning or effect of his '*non vult*' plea, was untrue." 220 F.Supp. at 250, 251. The court, in making these findings, was acting within the area of its authority, and we cannot say that they are clearly erroneous. There was no evidence from which one may draw an inference with reason that appellant's plea was not made voluntarily.

The second ground for his motion was that he did not understandingly waive his right to the assistance of counsel. Rule 44 of the Fed.Rules of Crim.Proc. provides:

"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and

8. The first sentence of Fed.Rule Crim. Proc. 11 provides: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*."

9. State v. Pometti, 12 N.J. 446, 97 A.2d 399, 402 (1953); In re 17 Club, Inc., 26 N.J.Super. 43, 97 A.2d 171, 172 (1953); Kokinda v. Carty, 30 N.J.Super. 253, 104 A.2d 65 (1954); People v. Daiboch, 265 N.Y. 125, 191 N.E. 859 (1934).

assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

This rule is designed to conform to the pronouncement in the Sixth Amendment to the Constitution, as interpreted by the Federal courts prior to the enactment of the Federal Rules of Criminal Procedure in 1946,[10] that in all criminal prosecutions, the accused shall enjoy the right to assistance of counsel.

Arraignment is an important step in a Federal criminal proceeding. Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948). Also see Hamilton v. State of Alabama, 368 U.S. 52, 54, n. 4, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). The need for the assistance of counsel may exist at the time of arraignment. Massiah v. United States, 377 U.S. 201, 205, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Carter v. People of State of Illinois, 329 U.S. 173, 174, 67 S.Ct. 216, 91 L.Ed. 172 (1946); Moore v. State of Michigan, 355 U.S. 155, 165, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Powell v. State of Alabama, 287 U.S. 45, 57, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Von Moltke v. Gillies, supra, 332 U.S. at 721, 68 S.Ct. 316; Williams v. Kaiser, 323 U.S. 471, 475–476, 65 S.Ct. 363, 89 L.Ed. 398 (1945); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633, 641 (1942). "When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461 (1938). A plea of guilty is not a waiver of this right. Von Moltke v. Gillies, supra; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); United States ex rel. Craig v. Myers, 329 F.2d 856, 858 (C.A.3, 1964); Evans v. Rives, supra, 126 F.2d at 637. And the signing of a waiver of counsel by the defendant does not foreclose further inquiry into whether there has been an intelligent and competent waiver of counsel. Von Moltke v. Gillies, supra; Snell v. United States, 174 F.2d 580 (10 Cir. 1949); though the obtaining of such a signing is desirable when the assistance of counsel is waived. United States v. Steese, 144 F.2d 439, 441 (3 Cir. 1944).

In support of his claim that he did not understandingly waive his right to counsel, appellant, at the hearing held on December 10, 1962, testified that he did not fully understand that he had the right to counsel at the arraignment, that he was under the impression that in order to have counsel he had to pay for his services, and that he asked to be at the mercy of the court because he felt that without financial necessity of paying a competent lawyer he would not be properly represented. He also testified that he did not understand what the indictment said, that he did not believe it was a serious charge, and that he was incorrect in having said that he believed he did.

Appellant argues that the real reason why he used the words *"non vult"* was because of his economic inability to engage counsel even though he felt he needed one if he were to contest the charge against him. The district court specifically advised him that it did not want to accept his plea if it were made on that basis, i. e., that he would not make such a plea if he had counsel but could not afford one. True, the court did not find that appellant was unable to afford counsel at the time of arraignment. But assuming that he was without sufficient funds at that time, he never asked the court to appoint counsel for him, and it appears that the court was about to tell him that it could appoint counsel for him if he was unable to do so. Before it could advise him on this score, he interrupted the court and in-

---

10. See Notes of Advisory Committee on the Rules.

sisted upon placing himself at the "mercy and compassion" of the court. The Constitution does not require that in all criminal proceedings counsel be forced upon a defendant. Carter v. State of Illinois, supra, 329 U.S. at 174–175, 67 S.Ct. 216; Von Moltke v. Gillies, supra, 322 U.S. at 724, 68 S.Ct. 316; United States v. Steese, supra, 144 F.2d at 441. A court cannot force services of an attorney upon a defendant against his wishes. Johnson v. United States, 318 F.2d 855 (C.A.8, 1963). And the right does not justify forcing counsel upon an accused who wants none. United States v. Redfield, 197 F.Supp. 559 (D.C.Nev.) aff'd per curiam 295 F.2d 249 (C.A.9, 1961).

The district court found that at the time of appellant's arraignment he was a well-read, intelligent, articulate, mature person with a high school education, that he was gainfully employed at $76 per week, that his avocations were music composition and song writing, and at the time of his arrest he was living in New York City. " * * * When called for arraignment on May 19, 1958, he was quite aware of his right to have counsel and understandingly expressed his wish to plead to the indictment without assistance of counsel. Thereupon, with knowledge and complete understanding of its content and import, the defendant voluntarily executed a written waiver of appointment of counsel * * *". 220 F.Supp. at 250. It also found that his testimony to the effect that he did not know at the time of arraignment he had the right to have counsel appointed was untrue.

Though the district court did not in words conclude that appellant's expression of his desire to dispense with the assistance of counsel was voluntary, we think such a conclusion is implied. Appellant made no allegations, nor is there any hint in the record, of any threats or acts of a coercive nature inducing his voicing of a wish to plead without the advice of counsel. Under the circumstances, we cannot say that the court was not justified in reaching the conclusion that it did.

However, the fact that an accused makes known his desire to do without the assistance of counsel and pleads guilty does not end the court's responsibility toward him. Before there can be a waiver of counsel, the accused must have an understanding of the charge, and the range of allowable punishments under the statute with which he is charged with having violated. Von Moltke v. Gillies, supra, 332 U.S. at 724, 68 S.Ct. 316; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009; United States v. Cariola, supra, 323 F.2d at 186; United States v. Lester, 247 F.2d 496, 499–500 (C.A.2, 1957). The second sentence of Rule 11 of the Fed.Rules Crim.Proc. provides: "The court may refuse to accept a plea of guilty and shall not accept the plea without first determining that the plea is made * * * with understanding of the nature of the charge."

The single count indictment was not complex, despite the number of defendants, and the averment of seven overt acts allegedly done in pursuance of the conspiracy. It named him as one of the conspirators, and a participant in one of the seven listed overt acts, being one to whom an obscene letter was mailed by another defendant. The conspiracy described was a simple one. The district court found that "Between April 23 and May 19, 1958, the defendant was served with and read a copy of the indictment from which he fully comprehended the nature of the charge against him." and that, "The defendant's testimony, in support of his pending petition, to the effect that he did not, at the time of his arraignment, understand the nature of the charge against him or comprehend its seriousness * * * was untrue." 220 F.Supp. at 250–251.

The court said nothing to appellant at the arraignment about the possible punishment he could have received as the result of its acceptance of his plea to the charge against him. Yet he

does not complain of that omission. Besides he has served the sentence imposed upon him pursuant to his plea and conviction. The real motivation for his motion is the possible legal disadvantages surviving the satisfaction of his sentence. The court, however, need not instruct an accused on all possible legal disadvantages and collateral consequences of his conviction on the charges in an indictment. United States v. Cariola, supra, 323 F.2d at 186.

At the December 10, 1962 hearing, appellant also stated that he had always felt he was innocent of wrongdoing and that after he had consulted counsel he felt even more so that he was innocent of the charge and that he never received the letter as charged in the indictment. Where there has been a showing that the defendant is entitled to withdraw his plea of guilty or *nolo contendere,* the fact that he does not assert his innocence of the charge against him should not prevent the allowance of the withdrawal. Kercheval v. United States, supra, 274 U.S. at 224, 47 S.Ct. 582 (1927). However, the mere assertion by a defendant that he was innocent of the charge when he made his guilty plea does not require the district court to allow his motion to withdraw his plea.[11] United States v. Hughes, 325 F.2d 789 (C.A.2, 1964); United States v. Lester, 328 F.2d 971 (C.A.2, 1964); Bergen v. United States, 145 F.2d 181 (8 Cir. 1944). However, in some situations the failure of the defendant to protest his innocence of the charge against him may be an important factor in an appellate court's refusal to disturb the district court's denial of the motion to withdraw his plea. United States v. Fox, 130 F.2d 56, 60 (3 Cir. 1942); Zaffarano v. United States, 330 F.2d 114 (C.A.9, 1964). Although time alone will not bar the filing of a motion under Rule 32(d), it may have a catalytic effect in bringing about a determination that a claim is not made in good faith. For the longer a defendant waits to file his motion, the greater are his chances that the Government will not be able to present a case against him if he is permitted to go to trial.[12] Therefore, we are not at liberty to say that the district court erred in not giving to his claim of innocence of the charge the weight to which he thinks it is entitled.

Although at his sentencing, appellant appeared in court without counsel, he does not complain that his sentence is voidable for that reason. Nevertheless, we do not think it amiss to point out that it has been held that waiver of counsel at the time of arraignment is an implied waiver of that assistance during the sentencing proceeding. See Davis v. United States, 226 F.2d 834, 840 (C.A.8, 1955), cert. denied 351 U.S. 912, 76 S.Ct. 702, 100 L.Ed. 1446.

In summary, we cannot say that manifest injustice would result from the district court's dismissal of appellant's motion to withdraw his plea under Rule 32(d). Were we to consider his motion as having been a request for relief under the all-writs section, we would reach the same conclusion as we have here.

Accordingly, the judgment of the District Court will be affirmed.

---

11. Were this not so, all a defendant need do is claim innocence in support of his motion since no trial will be held to establish the probable truth of such a claim. Nevertheless, this does not mean that the district court need not hold a hearing to ascertain the good faith of such a claim, especially where it is based on a ground which goes · to the jurisdiction of the court.

12. A fine note did not understate the matter when it made the following observation: "Because the passage of time causes serious evidentiary problems, rendering it difficult for the prosecution to bear its burden of proof on retrial, delayed collateral attacks have undesirable consequences." Note, Postrelease Remedies for Wrongful Conviction, 77 Harv.L.Rev. 1615, 1616 (1961).