No. 25214

**The People of the State of Colorado v. Falk Burger**

(505 P.2d 1308)

Decided February 5, 1973.

416

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for appellee.

Sheldon E. Friedman, for appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from the denial of a motion brought pursuant to Crim. P. 35(b). We reverse and remand for a new hearing under the motion.

The appellant (here called the defendant) is an alien. He was charged with felonious possession of narcotic drugs and felonious conspiracy to possess narcotic drugs. He first entered pleas of not guilty to the charges. Later he entered a plea of guilty to the conspiracy charge and was placed on probation. Action on the other charge has been held in abeyance. Subsequently, according to his allegation, the Immigration and Naturalization Service of the United States Department of Justice is seeking a hearing concerning his deportation by reason of this conviction.

In the 35(b) motion the defendant alleged that prior to entry of his plea of guilty he asked the sentencing judge (who by the time of the 35(b) motion was deceased) whether such a plea would result in his deportation, and that he was

assured by the judge that he would not be subject to deportation. He further alleged that he had relied upon the judge's alleged representation and that he would not have entered his plea if he had been aware of the possibility of being deported by virtue of the plea.

■■ At the conclusion of the hearing on the motion, the trial judge ruled that, since the defendant was not sentenced, Rule 35(b) conferred no jurisdiction upon the court to grant the motion. Rule 35(b) formerly provided that "[a] prisoner in custody under sentence and claiming a right to be released" might petition for relief. The judge stated, "35(b) is post-conviction remedy for prisoners in custody." In this, the court was in error. Under Rule 35(b), a person to whom probation has been granted is considered to be "in custody under sentence" and may raise the question as to whether his plea was voluntary. *United States v. Washington,* 341 F.2d 277 (3rd Cir. 1965); *Miller v. State,* 200 Kan. 700, 438 P.2d 87 (1968); and *see Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

By amendment on July 30, 1970, the quoted language of 35(b) was deleted and there was substituted: "One who is aggrieved and claiming either a right to be released or to have a judgment of conviction set aside .... " This amendment took effect prior to the time the 35(b) motion was filed.

■ Since the court held the hearing under a misapprehension as to law, the defendant is entitled to a new hearing of his motion.

The order of denial of the motion is reversed and the cause is remanded with directions to conduct a new hearing under the motion.